UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | CR |
| vs. | PLEA AGREEMENT |
| BERNARD HAAG, | |
| Defendant. | |

The Defendant and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant.  The Agreement is as follows:

**A.  ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDER-STANDING OF MAXIMUM PENALTIES:**  The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands the same.  The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B.  PLEA AGREEMENT PROCEDURE – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:**  The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rules 11(c)(1)(B) of the Federal Rules of Criminal Procedure, which, among other things, authorizes the United States to make recommendations or agree

not to oppose the Defendant's request for a particular sentence. Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw his plea of guilty if the Court rejects them.

**C.    PLEA OF GUILTY TO CHARGES:** The Defendant will plead guilty to Counts I and II of the Information, charging Willful Failure to Withhold and Pay Over Tax, in violation of 26 U.S.C. § 7202, and Concealment of Bankruptcy Assets, in violation of 18 U.S.C. § 152(1). Counts I and II each carries a maximum sentence of 5 years in prison, a $250,000 fine, or both, and a period of supervised release of 3 years; and if the defendant is found to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 2 years on any such revocation. There is a $100 assessment to the victims' assistance fund. Restitution may also be ordered.

**D.    VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that if he violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1)    All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2)    The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use

2

any information obtained directly or indirectly from him in those additional prosecutions.

(3) The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**E.** **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this plea agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

**F.** **TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that the Defendant has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and the Defendant qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this

3

provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

**G.**     **SENTENCING PROCEDURES:**     The Defendant and the United States understand and agree that the Court will determine the applicable Guideline range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing.  The Defendant understands that any sentencing recommendation made by him or the United States at the sentencing hearing is not binding on the Court.  The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

The United States reserves the right to present evidence and argument as to what it believes the applicable Guideline range should be and to respond to any request for a sentence below the applicable Guideline range.   For the purposes of this agreement, the "applicable Guideline range" is the range found by the Court by reference to the Sentencing Table at U.S.S.G. § 5A based on the Defendant's total offense level and criminal history before adjustments, if any, are made based on a downward departure, an 18 U.S.C. § 3553(e) sentencing factor, or other variance.

**H.**     **SPECIAL ASSESSMENT:**     The Defendant agrees to remit to the U.S. Clerk of Court, 515 9th Street, Rapid City, SD 57701, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $200 in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**I-1.** **RESTITUTION – AGREEMENT TO PAY**: The Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $230,854.85, and restitution to bankruptcy creditors in the total amount of $70,000, pursuant to 18 U.S.C. §§ 3663 and 3663A.  The Defendant agrees that the total amount of restitution reflected in this agreement results from the Defendant's fraudulent conduct.

**I-2.**   The Defendant agrees to pay restitution as ordered by the court in any restitution order entered pursuant to this plea agreement.

**I-3.**   If the Court orders the Defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment.  See 26 U.S.C. § 6201(a)(4).  The Defendant does not have the right to challenge the amount of this assessment.   See 26 U.S.C. § 6201(a)(4)(C).  Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

**I-4.**   The Defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that he agrees to pay as restitution.  The Defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

**I-5.**   The Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

**I-6.**   The parties understand that the Defendant will receive proper credit, consistent with paragraph I-1 above, for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period(s) covered by this agreement or any other time period.

**I-7.**   The Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period.

**I-8.**   The Defendant understands that he is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to his particular liability.

**I-9.**   The contact information for the Special Agent assigned to this case is as follows:

Brian Pickens
515 9th Street, Room 221
Rapid City, SD 57701

**I-10. PROVISIONS REGARDING PAYMENT:** Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the court's restitution order are to be sent only to the Clerk of the Court at the following address:

U.S. Clerk of Court
515 9th Street
Rapid City, SD 57701

**I-11.** With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information:

The Defendant's name and Social Security number;

The District Court docket number assigned to this case;

Tax year(s) or period(s) for which restitution has been ordered; and

A statement that the payment is being submitted pursuant to the District Court's restitution order.

**I-12.** Defendant agrees to include a request that the Clerk of the Court send the information, along with defendant's payments, to the appropriate office of the Internal Revenue Service.

**I-13.** The Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution

7

333 W. Pershing Ave.
Kansas City, MO 64108

### J.    MONETARY OBLIGATIONS – DEFENDANT'S ONGOING DUTY:

If the Defendant does not have sufficient financial resources to immediately satisfy the financial obligations imposed upon him at sentencing the Defendant agrees, if requested by the United States, to promptly execute and return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments and an executed Financial Statement.   The Defendant understands that this is an ongoing duty which continues until such time as payment is remitted in full. Also the Defendant may be required to furnish the requested information, as well as current earnings statements and copies of his W-2s even if the request is made after he has been sentenced.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case.

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prison's Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court.   The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources.   If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

8

**K.**     **RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:**   The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendant in mitigation of his sentence, with evidence and argument.

**L.**     **BASIS FOR PLEA OF GUILTY:**   The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charge to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this plea agreement.

**M.**     **PARTIES BOUND:**   It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**N.**     **SCOPE OF AGREEMENT:**   This agreement shall include any attachments, exhibits or supplements designated by the parties.   It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**O.**     **WAIVER OF DEFENSES AND APPEAL RIGHTS:**   The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues.   The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the

9

sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

## SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

RANDOLPH J. SEILER
United States Attorney

1-26-16
Date

Benjamin Patterson
Assistant United States Attorney
515 9th Street, Suite 201
Rapid City, SD 57701
Telephone: (605) 342-7822

APPROVED:
RANDOLPH J. SEILER
United States Attorney
By:

Gregg S. Peterman
Supervisory Assistant United
States Attorney

1-19-16
Date

Bernard Haag
Defendant

1-19-16
Date

Stanton A. Anker
Attorney for Defendant

10